**Aram ASTVATSATRYAN;
et al., Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–73797.

Agency Nos. A78–357–331, A78–357–332.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

James L. Rosenberg, Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

MEMORANDUM**

Aram Astvatsatryan and Gayane Avagyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals ("BIA") decision affirming an immigration judge's ("IJ") denial of their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000), and we deny the petition for review.

We accept Astvatsatryan's testimony as true because neither the IJ nor the BIA made an explicit adverse credibility finding. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004). Substantial evidence, however, supports the BIA's determination that Astvatsatryan failed to prove his eligibility for asylum. The record contains no evidence that compels the conclusion that Astvatsatryan either suffered past persecution, *see Prasad v. INS,* 101 F.3d 614, 617 (9th Cir.1996), or that any mistreatment he may have suffered was on account of a protected ground, *see Sangha v. INS,* 103 F.3d, 1482, 1486 (9th Cir.1997).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.